# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

F & S Financial

v.

Jordan

### Case No. (Law) 96-161

F & S Financial

v.

Wells

### Case No. (Law) 96-162

### July 3, 1997

BY JUDGE JAY T. SWETT

These matters were brought before this court upon Judgment Debtors' timely appeals of denials of their homestead exemption claims by the Charlottesville General District Court. After a review of the evidence and authorities submitted by counsel and after hearing oral argument on June 18, 1997, the Court finds the waivers of homestead exemption are unenforceable against that portion of the debt which exceeded the value of the property which secured the debt. The judgment of the Charlottesville General District Court is reversed and judgment for Debtors is entered.

The facts in these cases are not in dispute. Both of the Judgment Debtors entered into an installment sales contract for the purchase of a motor vehicle with the Judgment Creditor. One provision of the contract stated that the

Debtors waived the benefit of their homestead exemption as to this obligation. The Creditor retained a security interest in the vehicles. In both cases, Judgment Creditor repossessed the Judgment Debtors' vehicles, sold them at auction, and obtained deficiency judgments against them. Judgment Creditor filed wage garnishment actions against Judgment Debtors, and Judgment Debtors filed timely Homestead Deeds, exempting their garnished wages. The Charlottesville General District Court denied the Debtors' claimed exemptions finding that the waivers of the homestead exemption were valid.

The question presented to this court is whether the contractual waiver of the homestead exemption is void because it violates the provisions of the Federal Trade Commission Act (FTCA), 15 U.S.C. § 45(a)(1), and the federal regulations which support the FTCA, 16 C.F.R. § 444.2(a)(2).

Judgment Creditor first argues that federal law cannot apply because the FTCA does not create a private right of action. This court finds that a private right of action is not required for the Judgment Debtor to raise federal law as a defense to a contract enforcement action. Thus, it is not necessary in this case to consider whether a private right of action has been created under Virginia law through the Virginia Consumer Protection Act.

Both Virginia law and federal law permit debtors to waive the benefits of their homestead exemption. Federal law, however, limits such waivers in sales contracts to those which apply "solely to property subject to a security interest executed in connection with the obligation." 16 C.F.R. § 444.2(a)(2). The Judgment Creditor argues that, since the wage garnishment actions were related to the security interests in the vehicles purchased by the Debtors, the waiver of the homestead exemption satisfies the FTCA and is not illegal. Such a position is not supported by the language of the regulations. Once the vehicles were repossessed and sold, the security interests in those vehicles were extinguished. Under Virginia law, the creditor retained a claim for the portion of the debt which exceeded the auction price of the vehicles, but such claim becomes a general unsecured claim. The plain language of the federal rule states that the waiver may apply solely to the property which secured the debt, not to the debt itself. The Debtors' wages which were garnished in satisfaction of this debt cannot be construed as "property subject to a security interest." Thus, the homestead waivers are unenforceable as to the unsecured portion of the Creditor's claim against the Debtors.

Accordingly, Judgment Debtors' request to quash the garnishment actions is granted.